Alicia **GARCIA JIMENEZ**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74278,

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided May 20, 2004.

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald A. Couvillon, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

### MEMORANDUM ***

Substantial evidence supports the BIA's decision. Mere threats are rarely considered *past* persecution triggering the pre-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This parties have stipulated to submission on the briefs.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

sumption of a well-founded fear of future persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000). While mere threats may serve as the basis for a well-founded fear of *future* persecution, it has been recognized that "[t]hreats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm." *Id.* Persecution is "the infliction of suffering or harm upon those who differ . . . in a way regarded as offensive." *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998). In the instant case, the threats suffered by Jimenez—while no doubt unpleasant—are a far cry from the "extreme" required by this court to support a finding of "persecution." *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

But even could the alleged threats against Jimenez somehow be considered persecution, still Jimenez's petition must be denied because she has presented no evidence tying such persecution to one of the specified statutory grounds. By her own admission, she left Guatemala "because of the problem that [her boyfriend] had."

In the final analysis, it simply cannot be said that the "evidence [Jimenez] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

**PETITION DENIED.**